UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Amanda Agueda,

                        Plaintiff,                      **MEMORANDUM & ORDER**
                                                                                  24-CV-02466 (DG)

       -against-

Commissioner of Social Security,

                        Defendant.*
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On April 2, 2024, Plaintiff Amanda Agueda commenced this action, seeking review pursuant to 42 U.S.C. § 405(g) of an Administrative Law Judge's August 10, 2023 decision (the "August 2023 decision"), which determined that Plaintiff was not under a disability from December 18, 2018 through August 10, 2023 and therefore not entitled to Disability Insurance Benefits ("DIB").  *See* Complaint ("Compl."), ECF No. 1; Certified Administrative Record ("R.") 10-32, ECF No. 5.

      Pending before the Court are (1) Plaintiff's Motion for Judgment on the Pleadings, *see* Notice of Motion for Judgment on the Pleadings, ECF No. 6; Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings ("Pl. Br."), ECF No. 6-1, and (2) Defendant's Cross-Motion for Judgment on the Pleadings, *see* Memorandum of Law in Support of Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings ("Def. Br."), ECF No. 7.[1]  Plaintiff seeks reversal of the August 2023 decision and remand for further administrative proceedings, including a new hearing.  *See*

---

\* The Clerk of Court is directed to amend the caption as set forth above.

[1] Defendant did not file a Notice of Motion.  *See generally* docket.  The Court deems the filing at ECF No. 7 to be both the cross-motion and the brief in support of the cross-motion.

Pl. Br. at 14.  Defendant seeks affirmance of the August 2023 decision and dismissal of this action.  *See* Def. Br. at 25.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied, Defendant's Cross-Motion for Judgment on the Pleadings is granted, and the August 2023 decision is affirmed.

## BACKGROUND

### I.    Procedural History

On or about December 28, 2021, Plaintiff filed an application for DIB, alleging disability beginning on December 18, 2018.  *See* R. 78; *see also* R. 187 (reflecting that Plaintiff's application was completed on January 20, 2022).  Plaintiff's application was initially denied on March 29, 2022.  *See* R. 76-90.  On or about May 25, 2022, Plaintiff filed a request for reconsideration.  *See* R. 117-18; *see also* R. 119 (reflecting that Plaintiff's request for reconsideration was completed on May 31, 2022).  By Notice of Reconsideration dated October 17, 2022, the Social Security Administration found that the previous determination had been proper under the law.  *See* R. 120-26; *see also* R. 91-110.

On December 15, 2022, Plaintiff requested a hearing.  *See* R. 127.  On July 20, 2023, Plaintiff testified at a hearing before an Administrative Law Judge (the "ALJ"), at which a vocational expert also testified.  *See* R. 43-75.  By decision dated August 10, 2023, the ALJ found that Plaintiff was not disabled and therefore not entitled to DIB.  *See* R. 7-32.  The ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner") on March 21, 2024, when the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  *See* R. 1-6; *see also* 20 C.F.R. § 422.210.  Plaintiff timely commenced this action on April 2, 2024.  *See* Compl.; R. 2.

## II.    Entitlement to Disability Benefits

In evaluating disability claims, an ALJ must adhere to a five-step inquiry.  The claimant bears the burden of proof in the first four steps of the sequential inquiry; the Commissioner bears the burden in the last step.  *See Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012).  Pursuant to this five-step inquiry, the ALJ first determines whether the claimant is currently engaged in "substantial gainful activity."  *See* 20 C.F.R. § 404.1520(a)(4)(i).  If the answer is yes, the claimant is not disabled, regardless of the claimant's medical condition or the claimant's age, education, and work experience.  *See* 20 C.F.R. § 404.1520(a)(4)(i), (b).  If the answer is no, the ALJ proceeds to the second step to determine whether the claimant has a "severe medically determinable physical or mental impairment that meets the [applicable] duration requirement . . . or a combination of impairments that is severe and meets the duration requirement."  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  An impairment or combination of impairments is severe when it "significantly limits [the claimant's] physical or mental ability to do basic work activities."  *See* 20 C.F.R. § 404.1520(c).  If the impairment or combination of impairments is not severe, the claimant is not disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(ii); *see also* 20 C.F.R. § 404.1520(c).

If the claimant satisfies her burden at the first two steps – demonstrating that she is not engaged in substantial gainful activity and that she has a severe impairment or combination of impairments – the ALJ proceeds to the third step of the inquiry.  At that step, the ALJ considers whether any of the claimant's impairments meets or equals one of the impairments listed in the applicable regulations (the "Listings") and meets the duration requirement.  *See* 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1.[2]  Before proceeding from step

---

[2] If the ALJ concludes at step three that the claimant's impairment(s) meets the duration requirement and is listed in the Listings or is equal to a listed impairment(s), the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.

3

three to step four, an ALJ assesses the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(a)(4); *see also* 20 C.F.R. § 404.1520(e).[3] At step four, the ALJ considers the assessment of the claimant's RFC and past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do the claimant's past relevant work, the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *see also* 20 C.F.R. § 404.1520(f). At step five, an ALJ must determine whether the claimant – given the claimant's RFC, age, education, and work experience – can make an adjustment to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520[a)(4)(v), 404.1560(c); *see also* 20 C.F.R. § 404.1520(g)-(h).

### III. The August 2023 Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 18, 2018, the alleged onset date. *See* R. 12 (citing 20 C.F.R. § 404.1571 *et seq.*).[4] At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "major depressive disorder (MDD), generalized anxiety disorder (GAD), panic disorder, posttraumatic stress disorder (PTSD), autism spectrum disorder (ASD), attention deficit hyperactivity disorder (ADHD), exercised induced asthma and rhinitis, obesity." *See* R. 13 (citing 20 C.F.R. § 404.1520(c)).[5]

---

*See* 20 C.F.R. § 404.1520(d). If not, the analysis proceeds.

[3] A claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." *See* 20 C.F.R. § 404.1545(a)(1).

[4] As a threshold matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. *See* R. 12.

[5] The ALJ also noted that Plaintiff alleged disability due to chronic fatigue syndrome (CFS), but determined that such "condition ha[d] not been established as a medically determinable impairment" because "there [were] no medical signs or laboratory findings that establish[ed]

4

Having determined that Plaintiff satisfied her burden at the first two steps, the ALJ proceeded to the third step of the inquiry. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments in the Listings. *See* R. 13.

Next, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> [T]he claimant can perform simple, routine tasks but not at a production rate pace such as an assembly line. The claimant can make simple, work-related decisions and can adapt to occasional work place changes. The claimant can have frequent interaction with co-workers and supervisors and can have no interaction with the general public.

*See* R. 16.

As particularly relevant here: (1) the ALJ found that the June 17, 2022 opinion of Mary Warren, M.D. – a treating doctor – was not persuasive "as it is rather vague and does not offer any specific functional limitations," *see* R. 21-22 (additionally discussing other medical evidence in the record that "support[s] the finding that the claimant can perform work at the stated residual functional capacity"); (2) the ALJ found the opinion of Todd Deneen, Psy.D. – who performed a consultative examination on September 26, 2022 – to be "persuasive in part" as it was based on a detailed examination and was supported by treatment notes but not fully persuasive "because the claimant's treatment notes indicate somewhat greater functional limitations than those noted by Dr. Deneen," *see* R. 22-23; (3) the ALJ found that the July 8, 2023 opinion of Dr. Warren was not persuasive "because the supporting notes . . . contain symptoms but very little objective findings" and because other medical evidence in the record "suggest[s] that the claimant has

---

CFS." *See* R. 13. However, the ALJ stated that "the claimant's reported fatigue and other symptoms . . . [had] been considered and accounted for in conjunction with the medically determinable impairments of depressive disorder, asthma, and obesity." *See* R. 13.

5

greater functional abilities than those noted by Dr. Warren and support[s] the finding that the claimant can perform work at the RFC," *see* R. 24-25; (4) the ALJ found that the July 10, 2023 opinion of Lisa Donohue, M.D. – a treating doctor – was not persuasive "as her own treatment notes do not support marked or extreme limitations" and because other medical evidence in the record "suggest[s] that the claimant has greater functional abilities than those noted by Dr. Donohue and support[s] the finding that the claimant can perform work at the RFC," *see* R. 25; and (5) the ALJ found that the March 24, 2022 opinion of V. Ng, Ph.D. – a state agency psychiatric consultant – and the October 5, 2022 opinion of S. Shapiro, Ph.D. – a state agency psychiatric consultant – were "only persuasive in part as the medical evidence warrants greater limitations," *see* R. 26 (discussing medical evidence in the record that "support[s] the finding that the claimant can perform work at the RFC").

    At step four, relying on the RFC determination, the ALJ concluded that Plaintiff was unable to perform her past relevant work as a "public relations representative, marketing director, [or] a composite job of (1) graphic designer and (2) marketing assistant," as actually or generally performed. *See* R. 29-30. At step five, the ALJ, relying on the testimony of the vocational expert, determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including "Assembler: *Dictionary of Occupational Titles*, U.S. Dep't of Labor, code 739.687-030; SVP: 2; Exertional level: light; 22,000 jobs available nationally;" "Routing Clerk: *Dictionary of Occupational Titles*, U.S. Dep't of Labor, code 222.687-022; SVP: 2; Exertional level: light; 118,000 jobs available nationally;" and "Labeler: *Dictionary of Occupational Titles*, U.S. Dep't of Labor, code 920.687-126, SVP: 2; Exertional level: light; 10,000 jobs available nationally." *See* R. 30-31.

    Accordingly, the ALJ determined that Plaintiff had "not been under a disability, as

6

defined in the Social Security Act," from December 18, 2018 through the date of the ALJ's decision.  *See* R. 31 (citing 20 C.F.R. § 404.1520(g)).

## STANDARD OF REVIEW

Unsuccessful claimants for benefits under the Social Security Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits.  *See* 42 U.S.C. § 405(g).  In reviewing a final decision of the Social Security Administration, the Court's role is limited to determining whether the Social Security Administration's conclusions were supported by substantial evidence in the record and were based on a correct legal standard.  *See Talavera*, 697 F.3d at 151; *see also Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (alteration accepted) (quotation omitted); *see also Schillo*, 31 F.4th at 74.  "The 'substantial evidence' standard is a very deferential standard of review – even more so than the 'clearly erroneous' standard."  *Schillo*, 31 F.4th at 74 (quotation omitted).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g); *see also Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013).

"In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Schillo*, 31 F.4th at 74 (quoting *Selian*, 708 F.3d at 417).  However, it is the function of the ALJ, not the reviewing courts, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.  *See Calabrese v. Astrue*, 358 F. App'x 274, 277 (2d Cir. 2009) (quoting *Aponte v. Sec'y, Dep't of*

7

*Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)); *see also Villier on behalf of N.D.D.R. v. Comm'r of Soc. Sec.*, No. 23-893-cv, 2024 WL 2174236, at *3 (2d Cir. May 15, 2024) (stating: "as we have repeatedly emphasized, 'it is up to the agency, and not this court, to weigh the conflicting evidence in the record'" (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998))).  The reviewing court "defer[s] to the Commissioner's resolution of conflicting evidence."  *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark*, 143 F.3d at 118).  "While the ALJ need not resolve every conflict in the record, 'the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence.'" *Calzada v. Astrue*, 753 F. Supp. 2d 250, 268-69 (S.D.N.Y. 2010) (alteration accepted) (citation omitted) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)); *see also Schillo*, 31 F.4th at 74.  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *Schillo*, 31 F.4th at 74 (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)).

    As relevant here, the applicable regulations provide that in evaluating the persuasiveness of medical opinions, the ALJ will consider factors including supportability, consistency, relationship with the claimant, and specialization; that the factors of supportability and consistency are the most important factors the ALJ considers when the ALJ determines how persuasive the ALJ finds the medical opinions; and that the ALJ must, at a minimum, explain how the ALJ considered those two factors.  *See generally* 20 C.F.R. § 404.1520c; *see also Rushford v. Kijakazi*, No. 23-317, 2023 WL 8946622, at *1 (2d Cir. Dec. 28, 2023); *Yucekus v. Comm'r of Soc. Sec.*, No. 21-CV-01794, 2024 WL 1348742, at *3 (E.D.N.Y. Mar. 29, 2024); *Aviles-Guzman v. Comm'r of Soc. Sec.*, No. 19-CV-05043, 2021 WL 663979, at *9 (E.D.N.Y.

Feb. 18, 2021).

## DISCUSSION

Upon consideration of the record as a whole, and for the reasons set forth below, the Court determines that the ALJ's conclusions in the August 2023 decision are supported by substantial evidence in the record and are based on a correct legal standard. Accordingly, the decision must be affirmed.

I.   **The Parties' Arguments on the Instant Motions**

In support of her Motion for Judgment on the Pleadings, Plaintiff argues that the ALJ's decision finding that Plaintiff was not disabled is not supported by substantial evidence and does not properly apply the relevant legal standards. *See generally* Pl. Br. Plaintiff argues that she met her burden at step four of the sequential inquiry and that the ALJ erred in determining that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. *See* Pl. Br. at 9-10.

More specifically, and in summary and substance, Plaintiff argues that the ALJ erred in evaluating the opinions of Drs. Warren and Donohue – which opinions Plaintiff asserts reflect that Plaintiff "lacks the mental capacity to meet the mental demands of sustained competitive employment" – and that the opinions of Drs. Warren and Donohue "should be accorded high probative value" because they "are predicated on extensive observation, testing, and treatment;" that the ALJ instead predicated "her unfavorable decision on the assessments provided by a one-ti[m]e examiner and by non-examiners," which "constitutes highly dubious adjudication" and that "even if the ALJ's reliance on that evidence were deemed justifiable, her *interpretation* of the evidence is not;" that the ALJ's conclusions rested on "assumption and surmise rather than on solid evidence" – including because "the term 'moderate' was not quantified by the consulting

9

doctors" and the ALJ did not "mak[e] any effort to obtain specificity from the consultants;" that the ALJ erred in "[seeking] to buttress her decision by referring to the plaintiff's reported daily activities . . . and to indications in the record that plaintiff's symptoms had experienced some improvement" because in the context of "a person with mental disorders," "[t]he ability to engage in simple, occasional daily activities – at the times, at the pace, and in the manner of one's own choosing – does not imply a capacity to handle the realities of the workplace;" and that the vocational expert's testimony "is of no probative value" because "[t]he hypothetical posed to the VE incorporated the ALJ's unsupported rosy picture of the plaintiff's mental capacities for employment." *See* Pl. Br. at 9-14.

In opposing remand and arguing for affirmance, Defendant asserts that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. *See generally* Def. Br. Defendant argues that substantial evidence, outlined in the ALJ's decision, supports the conclusion that Plaintiff retained the RFC to perform light work with certain limitations. *See* Def. Br. at 13.

More specifically, and in summary and substance, Defendant argues that the ALJ properly evaluated the assessments from Drs. Warren and Donohue – "properly discount[ing] [them] on the grounds that they were inconsistent with and unsupported by the Key Medical Evidence" and "marshaling much more than substantial evidence" to support the determination that Plaintiff has greater functional abilities than those noted by Drs. Warren and Donohue – and that Plaintiff does not accurately characterize the record with respect to the opinions of Drs. Warren and Donohue, *see* Def. Br. at 14-15 & n.7; *see also* Def. Br. at 4;[6] that the ALJ properly

---

[6] With respect to Plaintiff's argument that the opinions of Drs. Warren and Donohue should be accorded high probative value, Defendant argues that the ALJ properly discounted Dr. Warren's opinion "because the supporting notes attached to the exhibit [that includes the

10

evaluated the assessments from Drs. Ng, Deneen, and Shapiro and, moreover, "included restrictions in the RFC that went above and beyond those proffered by Drs. Ng, Deneen, and Shapiro," which *benefitted* Plaintiff, see Def. Br. at 17-18; that Plaintiff does not accurately characterize the governing law, see Def. Br. at 18-19 (discussing importance of "supportability" and "consistency" factors and citing 20 C.F.R. § 404.1520c(a), (b)(2), (c)(3), (c)(3)(v)); that "moderate" mental limitations do not prevent Plaintiff from performing unskilled work, such as the jobs that the vocational expert identified, and the ALJ did not have a duty to further develop the record "to obtain explanations from Drs. Ng, Deneen, and Shapiro about what they meant when they used the word 'moderate,'" see Def. Br. at 19-20 (citing, *inter alia*, *Rushford*, 2023 WL 8946622, at *2); that the ALJ properly evaluated the RFC limitations arising from stress – making a "highly individualized finding" after "carefully considering all the evidence," see Def. Br. at 22-24; and that Plaintiff's argument that the ALJ should have included additional limitations in the hypothetical posed to the vocational expert is "simply another way of framing Plaintiff's challenges to the ALJ's evaluation of the opinion evidence and of Plaintiff's RFC," which challenges are unavailing, see Def. Br. at 24.

## II.     The August 2023 Decision Is Affirmed

Notwithstanding Plaintiff's arguments to the contrary, the record reflects that the ALJ's RFC determination – that Plaintiff has the RFC to perform light work with certain specified exceptions – is supported by substantial evidence in the record and that the ALJ did not err in

---

opinion] contain symptoms but very little objective findings" and properly discounted Dr. Donohue's opinion on the ground that her own treatment notes do not support marked or extreme limitations.  See Def. Br. at 15 (quotations omitted).  And Defendant further argues that "[o]ne of the most fundamental principles of administrative law is that a court may not disturb an agency's factual finding simply because the record contains evidence to support a contrary finding."  See Def Br. at 16.

11

determining that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and that therefore Plaintiff was not entitled to DIB.

Here, the ALJ expressly noted that her RFC determination was made "[a]fter careful consideration of the entire record;" that she had considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the [applicable] requirements;" and that she had also considered "the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c." *See* R. 16-17; *see also* R. 27 (noting that the ALJ considered "the entire case record," including "the claimant's statements").

The ALJ noted, more specifically, that the following evidence supported the finding that Plaintiff could perform work at the RFC: (1) "treatment notes generally indicating intact orientation, normal appearance, good grooming, normal speech, normal thought processes, normal thought content, normal cognition, normal attention and concentration, normal memory, and good insight and judgment;" (2) "treatment notes indicating that [Plaintiff's] mood and symptoms were generally stable with proper medication and treatment;" (3) "Dr. Deneen reporting such findings as fair social skills, cooperative behavior, adequate grooming, normal motor behavior, adequate language skills, coherent and goal directed thought processes, euthymic mood, intact orientation, only mildly impaired attention and concentration, ability to perform simple math and serial 3s, intact memory skills, average intellectual functioning, good insight, and fair judgment;" and (4) "physical exams generally indicating normal neck findings, normal cardiovascular findings, normal respiratory findings, normal neurologic findings, and normal gait." *See* R. 17 (citing to various record evidence).

The ALJ set forth her findings with respect to the medical opinion evidence and

12

sufficiently articulated the reasoning behind those findings, discussing the opinions themselves as well as the larger evidentiary context. As noted above, the ALJ stated that she found the opinion of consultative examiner Deneen to be persuasive in part as it was based on a detailed examination and was supported by treatment notes but not fully persuasive because the treatment notes indicated somewhat greater functional limitations than those noted by Dr. Deneen, *see* R. 22-23; found the opinions of state agency psychiatric consultants Ng and Shapiro to be only persuasive in part as the medical evidence warranted greater limitations, *see* R. 26; found the June 17, 2022 opinion of treating doctor Warren not persuasive as it was "rather vague" and did not offer any specific functional limitations and found the July 8, 2023 opinion of Dr. Warren not persuasive because the supporting notes contained symptoms but "very little objective findings" and because other medical evidence in the record suggested that Plaintiff had greater functional abilities than those noted by Dr. Warren and supported the finding that Plaintiff could perform work at the RFC, *see* R. 21-22, 24-25; and found the opinion of treating doctor Donohue not persuasive as her own treatment notes did not support marked or extreme limitations and because other medical evidence in the record suggested that Plaintiff had greater functional abilities than those noted by Dr. Donohue and supported the finding that Plaintiff could perform work at the RFC, *see* R. 25.

In discounting certain testimony and statements of Plaintiff, the ALJ noted that such "testimony and statements cannot be found fully consistent with the evidence" because Plaintiff's treatment notes, Dr. Deneen's findings, and physical exams "all suggest greater functional abilities than alleged by the claimant and support the finding that she can perform work at the residual functional capacity." *See* R. 28.

Here, the Court cannot conclude that the ALJ's conclusions were not supported by

13

substantial evidence – to the contrary, a review of the record reflects that there is substantial evidence supporting the ALJ's RFC determination, including evidence cited in the ALJ's decision.  The Court also cannot conclude that the ALJ applied an incorrect legal standard – to the contrary, the record reflects that the ALJ applied the correct legal standards.

Plaintiff's challenges to the RFC determination are unavailing on this record and under the applicable law, particularly in light of the requirement that the Court defer to the ALJ's weighing of evidence and resolution of conflicting evidence in the record.  *See Calabrese*, 358 F. App'x at 277; *Cage*, 692 F.3d at 122.[7]  And because Plaintiff's challenges to the RFC determination are unavailing, so too is Plaintiff's challenge to the ALJ's reliance on the testimony of the vocational expert.  *See Calabrese*, 358 F. App'x at 276-77 (noting that an ALJ "may rely on a vocational expert's testimony regarding a hypothetical as long as the facts of the hypothetical are based on substantial evidence and accurately reflect the limitations and capabilities of the claimant involved" and concluding that because the RFC assessment was supported by substantial evidence, the content of the ALJ's hypotheticals was entirely proper (citations omitted)).

\* \* \*

In sum, the Court determines, upon consideration of the record as a whole, that the ALJ's conclusions in the August 2023 decision are supported by substantial evidence in the record and are based on a correct legal standard.  The August 2023 decision therefore is affirmed.

---

[7] To the extent that Plaintiff argues that the ALJ failed to develop the record, *see* Pl. Br. at 11-12 (asserting that the ALJ did not "mak[e] any effort to obtain specificity from the consultants" regarding the meaning of the term "moderate"), such argument fails in light of the substantial evidence before the ALJ supporting the RFC.  And, as Defendant notes, Plaintiff "has failed to provide this Court with any reason to believe that – if the ALJ *had* recontacted [the consultants] – any of them would have identified any specific, functional, work-related limitations beyond those set forth in the RFC."  *See* Def. Br. at 21 & n.15.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 6, is DENIED; Defendant's Cross-Motion for Judgment on the Pleadings, ECF No. 7, is GRANTED; and the August 2023 decision is AFFIRMED.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: September 16, 2025
      Brooklyn, New York